IN THE UNITED STATE DISTRICT COURT

STATE OF UTAH

| | |
|---|---|
| **JOSE ADRIAN GOMEZ,** | **REPORT & RECOMMENDATION** |
| **Plaintiff,** | |
| **vs.** | **Case No.  2:26-cv-00473** |
| **SALT LAKE CITY SCHOOL DISTRICT, MIKEL BIRCH, LOGAN HALL, TRAVIS OLSEN, KRISTINA KINDL, RONNIE JOHNSON, SAM MILS and COLLEEN RANDAL,** | **District Court Judge Tena Campbell** |
| | **Magistrate Judge Dustin B. Pead** |
| **Defendants.** | |

Plaintiff Jose Adrian Gomez ("Mr. Gomez") moves to proceed in forma pauperis ("IFP") under 28 U.S.C. § 1915 ("IFP Statute").[1] For the reasons explained below, the court recommends denying Plaintiff's motion and ordering Mr. Gomez to pay the full filing fee.[2]

Under the IFP Statute, the court may authorize a plaintiff to commence a civil case without payment of the filing fee if plaintiff submits an IFP motion that describes the plaintiff's assets and demonstrates a financial inability to pay the filing fee.[3] When assessing an IFP

---

[1] ECF No. 3, Plaintiff's Motion for Leave to Proceed In Forma Pauperis.

[2] *Lister v. Department of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) (holding magistrate judge does not have the authority to enter an order denying an IFP motion and must issue a report and recommendation under Fed. R. Civ. P. 72(b)).

[3] 28 U.S.C. § 1915(a)(1); DUCivR 3-2(a)(1); *see also Lister,* 408 F.3d at 1312; *DeBardeleben v.*

1

motion, the court should consider whether the plaintiff can pay the filing fee and "still be able to provide himself and dependents with the necessities of life."[4] "[P]roceeding [IFP] in a civil case is a privilege, not a right . . . ."[5] "The decision to grant or deny [IFP] status under [the IFP Statute] lies within the sound discretion of the trial court."[6]

Mr. Gomez's IFP motion does not demonstrate that he is unable to pay the filing fee. To the contrary, Mr. Gomez indicates his home is valued at $207,200.00 and he has vehicles and other assets valuing over $4,500.00.[7] Additionally, although Mr. Gomez states his current personal income is below 200% of the United States poverty guideline, he indicates that his spouse's income is far above that limit.[8] Courts have consistently determined that "income of a party's spouse or other close family member[ ] is relevant to determining whether a party meets

---

*Quinlan,* 937 F.2d 502, 505 (10th Cir. 1991).

[4] *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 339, 69 S. Ct. 85, 93 L. Ed. 43 (1948). To qualify for in forma pauperis status, "a party's monthly income" must be "equal to or below 200% of the United States poverty guideline." *See* DUCivR 3-2(a)(1)(A).

[5] *White v. Colorado,* 157 F.3d 1226, 1233 (10th Cir. 1998) (citation modified).

[6] *Cabrera v. Horgas,* 1999 U.S. App. LEXIS 7890, at *2 (10th Cir. Apr. 23, 1999) (unpublished).

[7] *See, e.g., Jackson v U.S. Department of Army,* 2014 U.S. Dist. LEXIS 83559, at *3 (D. Kan. May 15, 2014) (considering plaintiff's assets when denying IFP motion); *report and recommendation adopted,* 2014 U.S. Dist. LEXIS 82603 (D. Kan. June 17, 2014); *Takaki v. Starbucks Haw.,* 2013 U.S. Dist. LEXIS 105644, at *3 (D. Haw. July 29, 2013) (denying IFP status in part because plaintiff had $1,615 in his accounts and owned a van worth $500); *Chang v. Greater Bay Bank,* 2007 U.S. Dist. LEXIS 43995, at *19 (N.D. Cal. June 7, 2007) (denying IFP because plaintiff had "assets in the form of equity in his home and cash in his bank account").

[8] ECF No. 3 at 1-2.

the requirements for in forma pauperis status."[9] As a result, when both Mr. Gomez's income and assets and his spouse's income are considered, Mr. Gomez does not qualify to proceed in forma pauperis. Plaintiff has the financial ability to pay the full filing fee and should be required to do so.

## RECOMMENDATION

Because Mr. Gomez fails to establish that he is unable to pay the filing fee, the court RECOMMENDS that the IFP motion be DENIED.[10] If that recommendation is adopted, the court FURTHER RECOMMENDS that <u>Mr. Gomez be ordered to pay the full filing fee within fourteen (14) days of the District Court's order adopting the recommendation and that he be warned that his failure to do so will result in this case being dismissed without prejudice</u>.

## NOTICE TO PARTIES

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[11] The parties must file any objections to this Report and Recommendation within fourteen (14) days after being served with a copy of it.[12] Failure to object may constitute waiver of objections upon subsequent review.

---

[9] *Crossett v. Turo Inc.,* 2025 U.S. Dist. LEXIS 189796, at *13 (D. Utah July 30, 2025); *see also Hooker v. Smith,* 2026 U.S. Dist. LEXIS 91295, *3 (W.D. Okla. Feb. 5, 2026) (citation omitted) ("[P]laintiffs are charged with income to which they have access, such as their spouse's income or household income, when determining applications to proceed in forma pauperis").

[10] ECF No. 3.

[11] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

[12] *Id.*

DATED this 22nd  day of June, 2026.

BY THE COURT

_____

DUSTIN B. PEAD
Magistrate Judge
United States District Court